# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:  Case No.: 8:17-bk-00519-CPM
Chapter 7

Marize Veloso Nguyen,

    Debtor(s)    /

Beth Ann Scharrer, as Chapter 7 Trustee
of the estate of Marize V. Nguyen,

    Plaintiff,

v.  ADV. NO. _____

David Beckner,

    Defendant.
_____/

## TRUSTEE'S COMPLAINT TO AVOID PREFERENTIAL TRANSFER (LIEN ON MOTOR VEHICLE WHICH IS PROPERTY OF THE ESTATE)

Plaintiff, Beth Ann Scharrer, Chapter 7 Trustee, by and through her undersigned attorney, hereby files this Complaint against Defendant, David Beckner, to avoid a preferential transfer consisting of a lien on motor vehicle which is property of the estate and states as follows:

1. Beth Ann Scharrer, Trustee ("Trustee" or "Plaintiff") is the duly appointed, qualified and acting Trustee in this case.

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157 and the matter is a core proceeding.

3. This is an action to avoid a preferential transfer of property of the estate pursuant to F.R.B.P. 7001 (2) and 11 U.S.C. §547 against David Beckner ("Defendant").

4. The Debtor, Marize Veloso Nguyen ("Debtor"), filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code on January 23, 2017.

5. Property of the bankruptcy estate includes a 2013 Toyota Highlander, VIN 5TDZA3EH6DS035326 ("Vehicle") which is owned by the Debtor with a scheduled value of $19,050.00.

6. The Debtor's Bankruptcy Schedules list David Beckner as a secured creditor with a lien on the vehicle in the amount of $23,000.00.

7. The most recent Title Application to the Vehicle lists the following information:

    a. That the Debtor acquired the Vehicle on July 31, 2016;

    b. That the Defendant asserted a lien on the Vehicle with a lien date of June 1, 2016;

    c. That Title to the Vehicle was previously issued to the Debtor on July 31, 2016.

    c. That the State of Florida received the Lien notification from the Defendant on January 19, 2017;

    d. That the Title to the Vehicle was subsequently issued to the Debtor on January 19, 2017.

A copy of the Application for Vehicle Certificate of Title is attached as Exhibit "A".

8. In paragraph 7 above, Plaintiff is simply listing what information is set forth on the face of Title to the Vehicle and the Title record to the Vehicle. The Plaintiff is not admitting that the information set forth in paragraph 7 above is supported by an underlying factual or evidentiary basis.

9. The Debtor granted the Defendant a security interest in the Vehicle at some point between and including June 1, 2016 and July 31, 2016. July 31, 2016 is that the date that the Debtor acquired an ownership interest in the Vehicle.

10. The Defendant perfected his asserted security interest in the Vehicle by providing the Lien Notification to the State of Florida on January 19, 2017, which was four (4) days before the Debtor filed her bankruptcy petition.

11. The Defendant perfected the security interest in the Vehicle more than 30 days after the Debtor granted the Defendant a security interest in the Vehicle.

12. The Defendant's security interest in the Vehicle was not noted as a Lien on the Title to the Vehicle until on or after January 19, 2017.

13. The Defendant's perfection of the security interest in the Vehicle constitutes a transfer ("Transfer") of an interest of the Debtor in the Vehicle.

14. Such Transfer was made to or for the benefit of the Defendant.

15. Such Transfer was made for or on account of an antecedent debt or debts owed by the Debtor before such Transfer as made.

16. The Debtor was insolvent at the time of such Transfer.

17. Such Transfer as made on or within ninety (90) days before the date that the Debtor filed her Chapter 7 petition.

18. Such Transfer enabled the Defendant to recover more than he would have received as a creditor if: (a) the case were under Chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) the Defendant received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

19. Any asserted lien of the Defendant on the Vehicle is avoidable by the Plaintiff pursuant to 11 U.S.C. §547.

20. Because any asserted lien of the Defendant on the Vehicle is subject to avoidance under 11 U.S.C. §547, the avoided lien is preserved for the benefit of the estate pursuant to 11 U.S.C. §541.

21. Plaintiff reserves the right to amend this Complaint (with leave of Court if necessary) in the event that Plaintiff determines that there is no Promissory Note or Security Agreement or both pertaining to the Defendant's asserted Lien on the Vehicle.

WHEREFORE, the Plaintiff respectfully requests the entry of a Judgment against the Defendant:

    a.    avoiding the Transfer pursuant to 11 U.S.C. §547 and adjudicating Defendant's Lien on the Vehicle avoided and determining that the Defendant's claim in this case in regards to the Vehicle is unsecured;

    b.    for the recovery of the Transfer or its value pursuant to 11 U.S.C. §550, or alternatively for a determination that the avoided Lien is preserved for the benefit of the estate pursuant to 11 U.S.C. §551;

    c.    for all costs of this action; and

    d.    for such other and further relief as the Court deems proper.

                            WETHERINGTON HAMILTON, P.A.

                            /s/ Brad W. Hissing
                            Brad W. Hissing
                            1010 N. Florida Avenue
                            Tampa, FL 33602
                            Phone: (813) 225-1918
                            Fax:    (813) 2292521
                            bradh@whhlaw.com
                            kmbpleadings@whhlaw.com
                            Florida Bar No. 854794